UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FOCUSPOINT INTERNATIONAL,** | ) | CASE NO. 1:20CV2019 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| **SARAH BALDEO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court upon the Motion (ECF DKT #10) of Plaintiff FocusPoint International, Inc. for Leave to File Amended Complaint.  For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff is an Ohio corporation with its principal place of business in the City of Strongsville, Cuyahoga County, Ohio.  Plaintiff provides risk and crisis management services; and relevant to this lawsuit, Plaintiff helps customers protect their workforce and maintain operations during the COVID-19 pandemic.  In May 2020, Plaintiff entered into an agreement with Akata Global LLC ("Akata"), as purchasing agent, to broker the acquisition of millions of N95 masks for the State of Maryland to meet the significant need of healthcare providers in the pandemic.

Defendant Sarah Baldeo is a former Director of Sales for ISB in Toronto, Ontario in Canada.  According to the Complaint, Baldeo was working as an agent for FocusPoint in

managing the Personal Protective Equipment ("PPE") acquisition project with the State of Maryland.

Defendant Ryan Hawley, a resident of Plantation, Florida, was President of Medical Services for FocusPoint. Along with Defendant Baldeo, he managed the PPE acquisition project with the State of Maryland.

Allegedly, instead of working solely for the benefit of Plaintiff, Defendants Baldeo and Hawley inserted themselves into the negotiations in an effort to earn a secret commission of $3 million for themselves. As the result of Defendants' conduct, the transaction with the State of Maryland failed. The parties never consummated the acquisition of N95 masks and Plaintiff suffered losses as a result.

Plaintiff asserts claims of Breach of Fiduciary Duty and Tortious Interference with Economic Advantage against both Defendants. The parties have submitted a number of motions addressed to the pleadings.

Defendant Baldeo moves the Court to dismiss (ECF DKT #5) the Complaint for lack of personal jurisdiction in Ohio over Baldeo, a Canadian citizen. Moreover, Defendant argues that even if personal jurisdiction exists, a contractual forum selection clause in her employment agreement vests exclusive jurisdiction in the courts of Ontario, Canada. The terms of the employment agreement govern Defendant's relationship with ISB and with "any affiliate" of ISB; and in the Complaint, Plaintiff refers to a "sister company" relationship between FocusPoint and ISB.

Plaintiff moves to dismiss (ECF DKT#6) Count I of Defendant Hawley's Counterclaim which seeks commissions owed. According to Plaintiff, sales commissions

were not part of their Employment Agreement, nor was the Agreement ever amended to provide for them to be paid.

Plaintiff has filed a Motion to Amend the Complaint. (ECF DKT #10). In the interests of judicial efficiency, the Court turns its focus first to that request.

Plaintiff seeks to amend its pleading to correct an inaccurate allegation in the Complaint regarding corporate relationships and to expand on the issue of jurisdiction. The proposed amendments intend to allege sufficient contacts with Ohio when Defendant Baldeo breached her fiduciary duty while negotiating a multi-million dollar contract as an agent of an Ohio company and causing millions of dollars of harm to that Ohio company.

In her Opposition Brief, Defendant Baldeo argues that the proposed amendment relating to personal jurisdiction would be futile. Further, Defendant contends that the amended corporate allegations are not corrections of errors or mistakes, as Plaintiff represents, but are meant to mislead the Court and are blatant efforts to forum-shop.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part: "The court should freely give leave [to amend] when justice so requires." This liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*,

290 F.3d 800 (6th Cir. 2002). Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005), citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

Upon review of the parties' briefs and arguments, the Court finds that the requisite Fed.R.Civ.P. 15 considerations weigh in favor of allowing Plaintiff to amend.

At the outset, the Court is guided by the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011). In that vein, Defendant offers outside evidence and raises factual issues which are not appropriately resolved upon an amendment motion. Defendant Baldeo submits her own Declaration and copies of "tweets," web pages, LinkedIn profiles and screen shots in order to establish an affiliation between Plaintiff and her former employer ISB. Defendant is asking the Court to look beyond the pleadings and to consider evidence which she insists will defeat Plaintiff's claim against her here in Ohio. That consideration is not appropriate on a

motion to amend and the evidentiary submissions do not establish the futility contemplated by Rule 15 jurisprudence.

Disputes over the sufficiency of Defendant's contacts with Ohio and over the applicability and enforceability of a forum selection clause are more appropriately addressed through dispositive motion practice and not at the pleading stage of the litigation.

Plaintiff's efforts in moving to add jurisdictional allegations do not rise to the level of bad faith. Defendant remains free to move for dismissal or for summary judgment to challenge the sufficiency of the amended claims.

### III. CONCLUSION

Therefore, the Motion (ECF DKT #10) of Plaintiff FocusPoint International, Inc. for Leave to File Amended Complaint is granted. The Amended Complaint shall be filed on or before May 7, 2021. In light of this ruling, the Motion (ECF DKT #5) of Defendant Sarah Baldeo to Dismiss; the Motion (ECF DKT #6) of Plaintiff FocusPoint International, Inc. to Dismiss Count I of Defendant Ryan Hawley's Counterclaim; and the Motion (ECF DKT #7) of Plaintiff FocusPoint International, Inc. for Extension of Time are all denied as moot.

**IT IS SO ORDERED.**

**DATE: April 28, 2021**

      s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**