UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FOCUSPOINT INTERNATIONAL,** | ) | CASE NO. 1:20CV2019 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **SARAH BALDEO, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #49) recommending that the Motion (ECF DKT #23) of Plaintiff Focuspoint International, Inc. to Dismiss Count I of Defendant Ryan Hawley's Counterclaim be denied.

**I. BACKGROUND**

Defendant Hawley filed an Answer and Counterclaim (ECF DKT #20) to Plaintiff's First Amended Complaint on May 17, 2021. Count I of the Counterclaim alleges Breach of Contract/Breach of Implied Contract for Unpaid Commissions.

Defendant Hawley alleges that he and other members of the business development

team were entitled to commissions on deals closed. (ECF DKT #20 at ¶ 17). Specifically, Defendant Hawley asserts that he was not paid the commission on a deal closed with the Florida Division of Emergency Management. (*Id*. at ¶ 22).

Plaintiff argues that Count I of the Counterclaim is precluded by the express terms of an Employment Agreement which does not provide for Defendant Hawley to receive sales commissions, and which includes an integration clause prohibiting any modification absent a writing signed by both parties.

In the Report and Recommendation (ECF DKT #49), the Magistrate Judge finds that Defendant Hawley has pled an arguably plausible claim in Count I. Taking the facts as true, Plaintiff placed Defendant Hawley in a diminished role with the company and assigned him to the business development team in a sales role. Discovery is necessary to establish whether Plaintiff's actions were justified, whether the Employment Agreement is enforceable and whether a breach of the Employment Agreement was first occasioned by Plaintiff. Thus, the Magistrate Judge recommends that Plaintiff's Motion to Dismiss Count I be denied.

No objections have been filed and the time to do so has passed.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review de novo any finding or recommendation of the Magistrate Judge's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987)*; U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v.*

*Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned **shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made** and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. (Emphasis added).

**Fed.R.Civ.P. 12(b)(6) Standard**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Two*mbly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Since Plaintiff Focuspoint has filed no objections, the Court must assume that Plaintiff is satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn, id.*

### III. CONCLUSION

The Court is not obliged to undertake any review of the Report and Recommendation in the absence of objections. Therefore, the Magistrate Judge's Report and Recommendation

(ECF DKT #49) is adopted in full. The Motion (ECF DKT #23) of Plaintiff Focuspoint International, Inc. to Dismiss Count I of Defendant Ryan Hawley's Counterclaim is denied.

**IT IS SO ORDERED.**

**DATE: February 28, 2022**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**