## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FOCUSPOINT INTERNATIONAL,** | ) | **CASE NO. 1:20CV2019** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **SARAH BALDEO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion of Pro Se Defendant Sarah

Baldeo (ECF DKT #38) to Dismiss under Fed.R.Civ.P. 12(b)(2) and 12(b)(6) and the doctrine

of *forum non conveniens*.  In the Report and Recommendation (ECF DKT #57), the

Magistrate Judge recommended that Defendant's Motion be denied.  For the following

reasons and upon considered review, the Court agrees, adopts the Magistrate Judge's

recommendation and denies Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff is an Ohio corporation with its principal place of business in the City of

Strongsville, Cuyahoga County, Ohio.  Plaintiff provides risk and crisis management

services; and relevant to this lawsuit, Plaintiff helps customers protect their workforce and

maintain operations during the COVID-19 pandemic.  In May 2020, Plaintiff entered into an

agreement with Akata Global LLC ("Akata"), as purchasing agent, to broker the acquisition

of millions of N95 masks for the State of Maryland to meet the significant need of healthcare

providers in the pandemic.

Defendant Sarah Baldeo is a former Director of Sales for ISB in Toronto, Ontario in Canada.  According to the Amended Complaint, Baldeo was working as an agent for Plaintiff in managing the Personal Protective Equipment ("PPE") acquisition project with the State of Maryland.

Defendant Ryan Hawley, a resident of Plantation, Florida, was President of Medical Services for Plaintiff.  Along with Defendant Baldeo, he managed the PPE acquisition project with the State of Maryland.

Allegedly, instead of working solely for the benefit of Plaintiff, Defendants Baldeo and Hawley inserted themselves into the negotiations in an effort to earn a secret commission of $3 million for themselves.  As the result of Defendants' conduct, the transaction with the State of Maryland failed.  The parties never consummated the acquisition of N95 masks and Plaintiff suffered losses as a result.

Plaintiff alleges claims against Defendant Baldeo for Breach of Fiduciary Duty and Tortious Interference with Economic Advantage.  Defendant Baldeo moves the Court to dismiss (ECF DKT #38) the Amended Complaint for lack of personal jurisdiction in Ohio over Baldeo, a Canadian citizen.  Defendant contends that Plaintiff's Amended Complaint lacks sufficient factual allegations to establish jurisdiction under Ohio's Long-Arm Statute or minimum contacts sufficient to satisfy the Due Process Clause.  Defendant attaches her declaration in support.

Moreover, Defendant argues that even if personal jurisdiction exists, a contractual forum selection clause in her ISB Canada employment agreement vests exclusive jurisdiction

in the courts of Ontario, Canada.  Defendant insists that the forum selection clause should be enforced against Plaintiff as an affiliate of ISB Canada; and that Plaintiff should reasonably have foreseen that Canadian law and a Canadian venue would govern this dispute.  Defendant attaches her employment agreement in support.

Plaintiff responds that Defendant Baldeo has forfeited her jurisdictional challenges by her conduct in this lawsuit.  In the alternative, Plaintiff asserts that personal jurisdiction exists under Ohio's Long-Arm Statute and that exercising jurisdiction would not violate Defendant's Due Process rights.  Moreover, the forum selection clause is not enforceable against Plaintiff because the Amended Complaint does not allege any affiliation between FocusPoint and ISB Canada; and this lawsuit arises out of Defendant Baldeo's conduct as FocusPoint's agent, not as ISB Canada's employee.

In the Report and Recommendation (ECF DKT #57), the Magistrate Judge found that Defendant did not forfeit a personal jurisdiction challenge; that Plaintiff's Amended Complaint sufficiently demonstrates personal jurisdiction under the Long-Arm Statute, § 2307.382(A)(1); that the exercise of jurisdiction would not violate Due Process; and that the forum selection clause in Defendant's employment agreement with ISB Canada is not enforceable against Plaintiff.

In her Objections (ECF DKT #61), Defendant argues that Plaintiff fails to produce documentation of an agency relationship; that none of the work on the N95 mask transaction was "committed or pursued in Ohio;" that her employment contract with ISB Canada governs; and that the only proper forum is Ontario, Canada.

Defendant incorporates into her Objections a request for leave to file documents

electronically and to access the PACER system.

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review de novo any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held:  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

The rules governing objections to magistrate judges' reports require parties to specifically object to the problematic aspects of the report and recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b).  A party's failure to do so could result in the loss of appellate rights.  *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018).  Overly-generalized objections do not satisfy the specific-objection requirement.  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).  Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection.  *Andres*, 733 F. App'x

-4-

at 243.

"A party may not file a general objection to the entirety of the magistrate's report."  *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008), *citing Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999).

Moreover, parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate for review.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), *citing United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Fed.R.Civ.P. 12(b)(2) and Personal Jurisdiction**

To establish personal jurisdiction, "the defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met."  *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994).  The plaintiff carries the burden of establishing the existence of personal jurisdiction.  *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc*., 503 F.3d 544, 549 (6th Cir. 2007).

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution."  *Conn v. Zakharov*, 667 F.3d 705, 710 (6th Cir. 2012), *quoting Int'l Techs. Consultants v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir.1997).

"[W]here, as here, the defendant has moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an

evidentiary hearing, the plaintiff need only make a 'prima facie' case that the court has personal jurisdiction." *Conn*, 667 F.3d at 711. "In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions." *Id*.

To make a prima facie case for personal jurisdiction over a defendant a plaintiff must show that: "(1) jurisdiction is proper under a long-arm statute or other jurisdictional rule of Ohio, the forum state; and (2) the Due Process Clause also allows for jurisdiction under the facts of the case." *Id.* "Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Id*.

In order for personal jurisdiction to comport with the Due Process Clause, the defendant must "have certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Ohio's Long-Arm Statute is found at Ohio Rev. Code § 2307.382 and reads in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to *a cause of action arising from the person's*:

(1) *Transacting any business in this state*;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might

-6-

reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity.
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
(Emphasis added).

Ohio courts interpret subsection (A)(1) [transacting any business in this state] to include prosecuting negotiations, carrying on business and having dealings. *See Kentucky Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St. 3d 73, 76 (Ohio 1990). "A defendant is considered to have transacted business in Ohio 'if the business operations set in motion by the defendant have a 'realistic impact' on Ohio commerce.'" *State ex rel. Dann v. Bulgartabac Holding Grp*., 2007-Ohio-6777, at ¶ 12 (Ohio Ct. App. 2007), *quoting Priess v. Fisherfolk*, 535 F.Supp. 1271, 1274 (S.D. Ohio 1982).

"Unlike general jurisdiction, specific personal jurisdiction requires that a defendant's contact with the forum state be related to or arise out of the asserting party's cause of action." *Power Inv., LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019).  The Sixth Circuit has held, that "specific jurisdiction comprises three elements:  First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant

must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."  *Conn*, 667 F.3d at 713, *quoting Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002).

The Magistrate Judge found that the following allegations satisfy Plaintiff's "slight burden" under the Long-Arm Statute:  "(i) Baldeo was prosecuting negotiations on Focuspoint's behalf, in conjunction with one of Focuspoint's executives; (ii) the negotiations prosecuted were, in part, for Focuspoint to provide procurement services; and (iii) the negotiations set in motion, but for her double-dealing, would have had a realistic impact on Ohio's commerce (procurement services and $3.250 million in commissions)."  (ECF DKT #57 at 9-10).  Further, the Magistrate Judge determined that Plaintiff's claims arise out of Defendant's contacts with Ohio.  Therefore, there is a presumption that the exercise of personal jurisdiction over Defendant Baldeo would be reasonable and not violative of her Due Process rights.

Regarding the *forum non conveniens* contention, the Magistrate Judge noted that the Amended Complaint alleges no relationship or affiliation between FocusPoint and ISB Canada.  As a non-signatory to the employment agreement (incorporating the forum selection clause), Plaintiff is not "closely related" so as to foresee that it could be haled into Canadian courts.

### III. CONCLUSION

Defendant offers no specific objections to the Magistrate Judge's Report.  Rather, Defendant repeats and rehashes the arguments presented in her original briefing on the Motion to Dismiss.  Defendant does not raise any legitimate areas of disagreement with the

applicable law or relevant facts as outlined in the Magistrate Judge's Report & Recommendation.  Such generalized objections have the same effect as an utter failure to object.  *Howard,* 932 F.2d at 509.

Defendant relies upon the improper standard of review when she contends that Plaintiff needed to provide documentation and evidence of an agency relationship.  Upon consideration of a Rule 12(b)(2) motion, Plaintiff is only required to make a minimal prima facie showing in its Amended Complaint.

Defendant also attempts to proffer new evidence in the form of unauthenticated emails, none of which were before the Magistrate Judge for consideration.

The Court does not deem Defendant's Objections to be appropriate nor do they legitimately warrant de novo review.  Therefore, the Court adopts the Report and Recommendation of the Magistrate Judge in full and DENIES Defendant Baldeo's Motion (ECF DKT #38) to Dismiss under Fed.R.Civ.P. 12(b)(2) and the doctrine of *forum non conveniens*.

**Request to File Electronically**

At the outset, Defendant is warned that it is improper to present a motion as part of a brief or, in this case, as part of objections to a magistrate judge's report.  Defendant's request warrants denial on that basis alone.

In addition, Local Rule 5.1 provides that electronic filing is typically permitted only to registered attorneys as officers of the court.

A review of the docket illustrates that Defendant has been instructed about PACER access on numerous occasions.  The Court will not address this issue again.

Defendant's "Motion" (ECF DKT #61) to File Electronically is DENIED.


**IT IS SO ORDERED.**

**DATE: April 25, 2022**


    **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**