IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FOCUSPOINT INTERNATIONAL, INC., | ) | Case No. 1:20-cv-2019 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SARAH BALDEO, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

This matter is before the court on plaintiff Focuspoint International, Inc.'s ("Focuspoint") motion to: (i) compel pro se defendant Sarah Baldeo to supplement her discovery responses; and (ii) deem requests for admission propounded upon Baldeo admitted. ECF Doc. 68. Focuspoint also seeks an extension of the discovery and dispositive motion deadlines. ECF Doc. 74. For the reasons discussed below, Focuspoint's motion to compel and deem requests for admission admitted (ECF Doc. 68) is DENIED in part and GRANTED in part. Focuspoint's motion for an extension (ECF Doc. 74) is GRANTED.

**I.    Factual Background[1]**

Focuspoint is an Ohio-based company that provides pandemic business continuity services, including personal protective equipment ("PPE") procurement services. ECF Doc. 17

---

[1] A brief recitation of the facts alleged in Focuspoint's amended complaint (ECF Doc. 17) is provided for context.

at 2. As relevant to the allegations against her, Baldeo was the director of sales for ISB Canada, a Canadian company that did business in PPE procurement. ECF Doc. 17 at 2–3, 6.

In May 2020, Focuspoint contracted with Akata Global LLC ("Akata"), as purchasing agent, to broker the acquisition of N95 masks for the State of Maryland. ECF Doc. 17 at 2–3, 5–6. According to the pleadings, two people managed the PPE acquisition on Focuspoint's behalf: (i) Robert Hawley, Focuspoint's then-president of medical services; and (ii) Baldeo, who was brought on at Focuspoint's request because she had a business relationship with Craig Baptiste (one of Akata's principals). ECF Doc. 17 at 2–3, 6–7; ECF Doc. 42-1. But instead of working solely for the benefit of Focuspoint, Baldeo executed a consulting agreement between Akata and her consulting firm, IDQ Consultants, to obtain a secret multimillion dollar commission. ECF Doc. 17 at 9. Baldeo's consulting fees, however, caused issues with Akata's executives and Maryland and led to protracted fee negotiations. ECF Doc. 17 at 11–12. Because of the delays, the PPE acquisition failed. ECF Doc. 17 at 13–14.

Focuspoint now asserts against Baldeo claims of breach of fiduciary duty and tortious interference with economic advantage. ECF Doc. 17 at 14–16.

## II. Procedural Background

On September 30, 2021, Focuspoint served Baldeo with: (i) interrogatories; (ii) requests for production; and (iii) requests for admission. ECF Doc. 51-2; ECF Doc. 65-1 at 2. In light of an intervening motion to dismiss for lack of personal jurisdiction, Baldeo was given until May 26, 2022 to respond to the discovery requests. ECF Doc. 64. On May 26, 2022, Baldeo furnished Focuspoint with her discovery responses. ECF Doc. 65-1 at 3.

On June 3, 2022, Focuspoint sent Baldeo a discovery deficiency letter, disputing: (i) all of Baldeo's responses to requests for admission; (ii) her responses to Interrogatories No. 3–7, 9,

12–14, and 17; and (iii) her responses to all but Request for Production No. 14. ECF Doc. 66-5. Focuspoint requested that Baldeo either cure the deficiencies by June 10 (for written responses) and June 17 (for document production) or indicate by June 6 whether she intended to comply. ECF Doc. 66-5 at 6. Baldeo did not respond. ECF Doc. 65-1 at 4. And on June 30, 2022, Focuspoint filed a notice of discovery dispute requesting court intervention. ECF Doc. 65.

The court held a telephone status conference on the discovery dispute, at which Baldeo failed to appear. Docket Entry dated 7/19/2022. The court ordered that Focuspoint file a motion to compel and call Baldeo by telephone to discuss the discovery issues as one last good faith effort to resolve the matter without court intervention. *Id.*

On July 19, 2022, Focuspoint filed a motion to: (i) deem Requests for Admission No. 1–7, 10, and 11 admitted; and (ii) compel Baldeo to amend her responses Requests for Admission No. 8–9, 12, and 13, Interrogatories No. 3–7, 9, 12–14, and 17, and Requests for Production No. 1–13, 15, and 16. ECF Doc. 68.

On July 29, 2022, the parties conducted the required telephone conference. ECF Doc. 70 at 1. According to Focuspoint's summary of the conference, Baldeo agreed to amend her responses to Focuspoint's requests for admission. ECF Doc. 70 at 3. Baldeo also stated that her "attorney in Canada" possessed potentially responsive documents but she would not contact the attorney or have the attorney produce documents in the attorney's possession because the court lacked jurisdiction over her. ECF Doc. 70 at 3–4.

On August 8, 2022, the court established a final briefing schedule, pursuant to which Baldeo was required to furnish supplemental discovery responses on or by August 15 and respond to the motion to compel on or by August 22, 2022. ECF Doc. 71 at 3. Baldeo did not

3

follow through with her promise to supplement her discovery responses. ECF Doc. 72 at 2. And in lieu of responding to the motion to compel, she filed a motion to dismiss. ECF Doc. 73.

**III.     Motion to Deem Requests for Admission Admitted**

Focuspoint's requests for admission, and Baldeo's answers, that are the subject of Focuspoint's motion to deem requests for admission admitted are:

> **RFA No. 1:**   Admit that in May 2020 you were aware that Akata signed a purchasing agent agreement (the "Purchasing Agent Agreement") with The Recon GRP regarding the purchase of personal protective equipment.
>
> **RESPONSE:** I am aware of the above statement.
>
> **RFA No. 2:**   Admit that in May 2020, you were aware that Akata was an authorized procurement agent for the State of Maryland regarding the procurement of PPE
>
> **RESPONSE:** I am aware of the above statement.
>
> **RFA No. 3:**   Admit that in May 2020, you were aware that the purpose of the Purchasing Agent Agreement was to facilitate that Maryland PPE Deal.
>
> **RESPONSE:** Craig Baptiste intended to leverage the PPE procured for non emergency use and export product outside the USA for profit
>
> **RFA No. 4:**   Admit that in May 2020, you were aware that FocusPoint and Akata signed a Non-Circumvention, Non-Disclosure Working Agreement for the purpose of facilitating the Maryland PPE Deal.
>
> **RESPONSE:** Two NCNDAs were executed - one with Going Home Medical and one with ISB Canada.
>
> **RFA No. 5:**   Admit that in May 2020, you were aware that FocusPoint and Recon signed a Non-Circumvention, Non-Disclosure, & Non-Competition Agreement for the purpose of facilitating the Maryland PPE Deal.
>
> **RESPONSE:** This is a repeat of RFA No. 4.
>
> **RFA No. 6:**   Admit that in May 2020, you were aware that FocusPoint and Recon signed a Referral Fee Agreement (the "Referral Fee Agreement") regarding the Maryland PPE Deal.

**RESPONSE:**  All signed documents were with Going Home Medical to my knowledge, as Ryan Hawley was the representative for Going Home Medical (DBA Focus Point).

**RFA No. 7:**   Admit that in May 2020 it was you understanding that, under the Referral Fee Agreement and Purchasing Agent Agreement, FocusPoint was to receive a fee for the Maryland PPE Deal based on the volume of PPE purchased by Maryland.

**RESPONSE:**  The fee split discussed on sales calls within the Dalton Group was that ISB would receive 40% of the fees and Focus Point 60% - this was correlated to my involvement as an employee of ISB and Ryan Hawley's involvement as an employee of Going Home Medical.

\* \* \*

**RFA No. 10:**  Admit that in May 2020, it was your understanding that ISB Global Services could not participate in the Maryland PPE Deal because it is a Canadian company.

**RESPONSE:**  ISB Global participated openly in the Maryland PPE Deal. Including, but not limited to, signing NCNDAs, providing compliance advisory via Sarah Baldeo.

**RFA No. 11:**  Admit that prior to May 12, 2020, it was your understanding that FocusPoint was one of the parties working to bring the Maryland PPE Deal to fruition.

**RESPONSE:**  At all times Ryan Hawley was a representative of Going Home Medical (via his email signature, business cards, etc.).  Hawley flew to the inspection site with Akata and Jack Howard - all his communications were signed as an agent of Going Home Medical.

ECF Doc. 66-3 at 2–5.

Focuspoint argues that Baldeo's responses to Requests for Admission No. 1–7, 10, and 11 failed to comply with the requirement of Federal Rule of Civil Procedure 36(a)(4) that she "admit" or "deny" the matter for which an admission was sought.  ECF Doc. 68 at 8–10.

Parties to a litigation may serve upon one another written requests to admit that a truth of any matter within the scope of discovery.  Fed. R. Civ. P. 36(a)(1).  The party upon whom requests for admission have been served can respond in one of three ways: (i) admit the request;

5

(ii) "specifically deny" the request; or (iii) "state in detail why" the responding party can neither admit nor deny the request, such as lack of knowledge. Fed. R. Civ. P. 36(a)(4). The responding party may also "qualify an answer or deny only a part of a matter," provided the responding party "specify the part admitted and qualify or deny the rest." *Id.* "Generally, qualification is permitted if the statement, although containing some truth, standing alone out of context of the whole truth conveys unwarranted and unfair inferences." *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 619 (S.D. N.Y. 1990) (alterations and internal quotation marks omitted). If the court finds that an answer fails to comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Baldeo's responses do not comply with Rule 36. Her responses to Requests for Admission No. 1 and 2 are nonresponsive. ECF Doc. 66-3 at 2. Being aware of the statement asserted is not an admission of whether the statement is true. Baldeo's responses to Requests for Admission No. 3–4, 6–7, 10, and 11 are improper qualifications because she has not indicated whether she denied each request for production in whole or in part and which portion of the request for admission required qualification. Fed. R. Civ. P. 36(a)(4). And Request for Admission No. 5 is not duplicative of Request for Admission No. 4. One concerns an agreement between Focuspoint and Akata, while the other concerns an agreement between Focuspoint and The Recon GRP ("Recon"). Thus, Baldeo's responses fail to comply with Rule 36.

Focuspoint's motion to deem as admitted Baldeo's responses to Requests for Production No. 1–7, 10, and 11 is GRANTED. The statements are deemed admitted. Baldeo is advised, however, that even though the statements asserted in Requests for Production No. 1–7, 10, and 11 are deemed to be true, she can file a motion to have her admissions withdrawn under Rule

6

36(b) of the Federal Rules of Civil Procedure. If she elects to do so, however, she must also serve Focuspoint with amended responses that comply with Rule 36(a)(4).

**IV.** **Motion to Compel**

    **A.** **Governing Principles**

If a party fails to adequately answer an interrogatory or respond to a request for production, the party seeking discovery may move the court for an order compelling an answer or production. Fed. R. Civ. P. 37(a)(3)(B). The moving party bears the initial burden of establishing that the information sought is discoverable: *i.e.*, non-privileged, relevant, and proportional to the needs of the case or reasonably calculated to lead to the discovery of admissible evidence. *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. Ohio 2019); Fed. R. Civ. P. 26(b)(1). If met, the burden shifts to the disclosing party to show that the information sought is irrelevant, disproportional to the needs to the case, or overly burdensome to produce. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015); *see also Doe v. Lorain Bd. of Educ.*, No. 1:21 CV 1641, 2022 U.S. Dist. LEXIS 81242, at *6 (N.D. Ohio May 3, 2022) (quoting *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010)).

    **B.** **Requests for Admission**

The requests for admission that are the subject of Focuspoint's motion to compel, and Baldeo's answers, are:

> **RFA No. 8:** Admit that ISB Global Services never signed any agreement with Akata relating to the Maryland PPE deal.
>
> **RESPONSE:** ISB Global Services signed an agreement with Akata - this was filed in the company CRM tool.
>
> **RFA No. 9:** Admit that ISB Global Services never signed any agreement with Recon relating to the Maryland PPE Deal.
>
> **RESPONSE:** To my knowledge, ISB signed an agreement with Recon.

7

\* \* \*

**RFA No. 12:** Admit that prior to May 12, 2020, you were working to bring the Maryland PPE Deal to fruition on behalf of FocusPoint.

**RESPONSE:** At no time was I working on behalf of Focus Point. At no time did I report to Focus Point. I signed no agent agreement. All of my work was under Michael Thompson's direction and reporting structure.

**RFA No. 13:** Admit that in May 2020, it was your understanding that Going Home Medical was wholly owned by FocusPoint

**RESPONSE:** At no point was I made aware that Going Home Medical was owned by Focus Point. Ryan Hawley's role in the Dalton Group was always communicated to me as President of Going Home Medical.

ECF Doc. 66-3 at 4–5.

Focuspoint moves for an order compelling Baldeo to amend her responses to Requests for Admission No. 8, 9, 12, and 13. ECF Doc. 68 at 9–10.

Focuspoint is correct that Baldeo's responses do not comply with Rule 36, insofar as she has not explicitly "admitted" or "denied" the statements in each request for admission. But Baldeo's answers assert the opposite of Focuspoint's factual contentions in the requests for admission. Baldeo has effectively denied Focuspoint's statements that: (i) ISB Global Services never signed an agreement with Akata; (ii) ISB Global Services signed an agreement with Recon; (iii) she managed the Maryland PPE deal on Focuspoint's behalf; and (iv) she knew in May 2020 that Going Home Medical was owned by Focuspoint. Because Baldeo's answers "fairly meet the substance of the requested admission," her technical noncompliance with Rule 36 can be overlooked as to Requests for Admission 8, 9, 12, and 13. Fed. R. Civ. P. 36(a)(4).

Focuspoint's motion to compel is, therefore, DENIED as to Request for Admission 8, 9, 12, 13.

8

## C. Interrogatories

### 1. Interrogatories No. 3, 6, 9, and 12

Interrogatories No. 3, 6, 9, and 12 asked Baldeo that, for each person she identified in Interrogatories No. 2, 5, 8, and 11, she "identify" all communications regarding the Maryland PPE deal, including dates, times, locations, and the substance of those communications. ECF Doc. 66-3 at 6–8. The persons she identified in Interrogatories No. 2, 5, 8 and 11 were: (i) Akata employees Baptiste and Sonia Hines; (ii) Recon employee Chris Popke; (iii) Maryland employee Jack Howard; and (iv) Focuspoint employees Hawley, Peter Martin, and Michael Thompson. Id.

Baldeo's response to Interrogatory No. 3 was: "This information was provided to Sherrard Kuzz by my Ontario Lawyer David Whitten, in 2020 - when ISB Global sent me a legal claim. I agreed for David to retain all records." ECF Doc. 66-3 at 6. And her response to Interrogatories No. 6, 9, and 12 was: "All documents sent to Sherrard Kuzz in Canada - I no longer have these records." ECF Doc. 66-3 at 7–8. Focuspoint argues that both refer to an unrelated legal dispute and are nonresponsive. ECF Doc. 68 at 10.

Baldeo's responses to Interrogatories No. 3, 6, 9, and 12 are nonresponsive. When Baldeo was served with the first set of interrogatories, she was informed what Focuspoint meant when an interrogatory asked for "communication:" "any oral conversation, transaction[,] or interaction (including telephone calls) and any written transaction or interaction (including emails, letters, memoranda, noes, facsimiles, text messages, messages transmitted via [social media] … or any other writing or electronic transmission of information or other transfer of Document). ECF Doc. 68-1 at 6. She was also informed what she was being asked to do when the interrogatory requested that she "identify" communications: date; time; author; addressee; recipient; custodian; and general subject matter. ECF Doc. 68-1 at 7.

9

Baldeo's responses address only one part of her obligation to "identify" communications; she identified that her former attorney was the custodian of potentially responsive documents. But Baldeo has not otherwise described what the substance of those communications in her former attorney's possession was. Baldeo cannot discharge her obligation to respond to the interrogatories in full simply because the information is not in her possession. "A party has a duty to make a reasonable investigation before responding to interrogatories." *Advantage Indus. Sys. v. Aleris Rolled Prods*, No. 4:18-CV-00113, 2020 U.S. Dist. LEXIS 136305, at *19 (W.D. Ky. July 31, 2020). And it would be unreasonable for Baldeo to disclaim knowledge of communications that would be responsive to Focuspoint's interrogatories without first contacting her former attorney to determine what they are.

As Focuspoint informed Baldeo in the deficiency letter, she could alternatively respond to the interrogatories by producing responsive documents. Fed. R. Civ. P. 33(d); ECF Doc. 66-5 at 4. Although Baldeo indicates that responsive documents are in her Canadian attorney's possession, that would not serve as justification for not producing the documents. ECF Doc. 67 at 1. "Federal courts have consistently held that documents are deemed to be within the 'possession, custody or control" for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Walls v. Paulson*, 250 F.R.D. 48, 50 (D. D.C. 2008) (alteration, emphasis, and internal quotation marks omitted). This includes "things in the possession of a party's attorney – even a party's former attorney." *McGraw-Hill Global Educ., LLC v. Griffin*, No. 5:14-CV-00042, 2015 U.S. Dist. LEXIS 167876, at *4 (W.D. Ky. Dec. 15, 2015). Thus, if Baldeo's Canadian attorney has documents that are responsive to Focuspoint's discovery requests, they are, as a matter of law, in Baldeo's

10

possession. *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114-15 (S.D. N.Y. 2001); *see also Hanson v. Gartland S.S. Co.*, 34 F.R.D. 493, 496 (N.D. Ohio 1964).

Baldeo also cannot use her personal jurisdiction argument as a basis for refusing to contact her former attorney. The court has already determined that it has personal jurisdiction over her. ECF Doc. 63. And her most recent motion to dismiss is, as discussed in the contemporaneously issued order, procedurally improper.

Focuspoint's motion to compel is, therefore, GRANTED as to Interrogatories No. 3, 6, 9, and 12.

2. **Interrogator No. 7**

Interrogatory No. 7 asked Baldeo to identify the email addresses and telephone numbers used in her communications with Akata's and Recon's employees. ECF Doc. 66-3 at 7. Baldeo cross-referenced her answer to Interrogatory No. 5, which listed the email addresses of two Recon employees. ECF Doc. 66-3 at 6–7.

Focuspoint argues that Baldeo's response is improper for the same reasons as Interrogatories No. 3, 6, 9, and 12. ECF Doc. 66-5 at 4; ECF Doc. 68 at 11. Focuspoint appears to have mistakenly lumped in Baldeo's response to Interrogatory No. 7 with her responses to Interrogatory Nos. 3, 6, 9, 12. Unlike those interrogatories, Baldeo's response to Interrogatory No. 7 did not assert that responsive documents were in the possession of her attorney. Thus, Focuspoint's arguments as to those interrogatories would not apply to Interrogatory No. 7.

Focuspoint's motion to compel is, therefore, DENIED as to Interrogatory No. 7.

3. **Interrogatories No. 13**

Interrogatory No. 13 asked Baldeo to identify the email addresses and telephone numbers used in her communications with Focuspoint employees Hawley, Martin, and Thompson. ECF

Doc. 66-3 at 8. In response, Baldeo only provided Hawley's email. *Id.* Focuspoint argues that Baldeo's response is incomplete because she did not indicate whether she communicated with him by telephone and provide a telephone number. ECF Doc. 66-5 at 5.

Focuspoint's motion to compel is GRANTED with respect to Interrogatory No. 13. If Baldeo communicated with Hawley over the phone, she must provide Focuspoint the telephone used to communicate with him. If she did not communicate with Hawley by telephone, she should so indicate.

### 4. Interrogatories No. 14 and 17

Interrogatory No. 14 asked Baldeo to identify all persons with whom she communicated regarding the Maryland PPE deal, excluding all persons she identified in response to other interrogatories. ECF Doc. 66-3 at 8. Baldeo responded: "None." *Id.*

Interrogatory No. 17 asked Baldeo to identify all emails she used between May 1, 2020 and her last day of employment ISB Global Services. *Id.* Baldeo responded with one email address: "sbaldeo@isbglobalservices.com." *Id.*

Focuspoint has not articulated a specific objection to Baldeo's responses to Interrogatories No. 14 and 17. *See generally* ECF Doc. 66-5 at 5; ECF Doc. 68. Focuspoint instead advised Baldeo in the deficiency letter that the scope of Interrogatory No. 14 was not limited to people involved in the Maryland PPE deal, but also "family, friends, and other business acquaintances" with whom she communicated about the deal. ECF Doc. 66-5 at 5. And with respect to Interrogatory No. 17, Focuspoint simply requested that Baldeo amend her response to include any "other email addresses" she used, "including but not limited to any personal email or other email addresses" she used related to "IDQ Consulting." *Id.*

Focuspoint's motion to compel is DENIED with respect to Interrogatories No. 14 and 15. The interrogatories were unambiguous, and Baldeo gave unambiguous responsive answers. If Focuspoint believes that Baldeo misunderstood the scope of the interrogatories, it can explore the matter in future discovery.

    **D.**    **Requests for Production**

        **1.**    **Requests for Production No. 1–9, 15, and 16**

Requests for Production No. 1–5 asked Baldeo to produce all communications she had regarding the Maryland PPE deal with the persons she identified in her responses to Interrogatories No. 2, 5, 8, 11, and 14. ECF Doc. 66-3 at 9–10. Baldeo's response to each was: "All documents sent to Sherrard Kuzz in Canada - I no longer have these records." *Id.* Baldeo gave an identical response to Requests for Production No. 6–9, 15, and 16, which asked Baldeo to produce:

> (6-7)    All agreements between IDQ Consulting and Akata, including all drafts and signed copies.
>
> (8)    All communications with Akata regarding actual or potential consulting agreements between IDQ Consulting and Akata.
>
> (9)    All emails, including all attachments, Baldeo sent from her email address at ISB Global Services to any other email address she identified in Interrogatory No. 17 after May 1, 2020.
>
> (15)    All communications between Baldeo and Arjoon Baldeo regarding the Maryland PPE deal.
>
> (16)    All communications from May 1, 2020 through the last day of employment at ISB Global between Baldeo and Arjoon Baldeo regarding her employment at ISB Global Services.

ECF Doc. 66-3 at 10–11.

13

Focuspoint argues that because Baldeo has stated that responsive documents are in her Canadian attorney's possession, there are necessarily in her possession and must be produced. ECF Doc. 68 at 12.

According to Baldeo, Sherrard Kuzz represented her former employer in a "cease and desist legal action" against her in Canada. ECF Doc. 66-3 at 2; ECF Doc. 67 at 1. Attorney David Whitten represented her in that proceeding, who "retains records of … documents" which were furnished to Kuzz. ECF Doc. 67 at 1. By Baldeo's own admission, the documents in Kuzz's possession are also in the possession of her attorney. Thus, she has control over them and is capable of producing them. *See McGraw-Hill Global Educ., LLC*, No. 5:14-CV-00042, 2015 U.S. Dist. LEXIS 167876, at *4; *Johnson*, 202 F.R.D. at 114–15; *Hanson*, 34 F.R.D. at 496.

Focuspoint's motion to compel is, therefore, GRANTED with respect to Interrogatories No. 1–9, 15, and 16.

### 2. Requests for Production No. 10–13

Requests for Production No. 10–13 requested that Baldeo produce:

(10) All agreements between her and ISB Global Services, including drafts and signed copies.

(11) All communications between her and Hawley regarding the Maryland PPE deal.

(12) All communications between her and Hawley regarding any consultation agreement between IDQ Consulting and Akata.

(13) All communications between her and Akata regarding Focuspoint or Going Home Medical.

ECF Doc. 66-3 at 10–11. Baldeo's response to each request was: "Filed with the courts already." *Id.*

14

Focuspoint argues that it has received no documents from Baldeo other than those attached to her pleadings and briefs. ECF Doc. 68 at 13. It argues that Baldeo's answer is irrelevant to the extent it refers to any court other than the Northern District of Ohio. ECF Doc. 68 at 12–13. And to the extent that she refers to this court, Focuspoint argues that she should at least identify responsive documents by docket and Page ID number. ECF Doc. 68 at 13.

A review of the court's docket does not reveal any documents that could be construed as responsive to Focuspoint's requests for production. Nor could there be. Discovery matters cannot be filed with the court "exception as necessary to support dispositive motions." ECF Doc. 40 at 3. Discovery must instead be sent directly to opposing counsel. *See* Fed. R. Civ. P. 5(d)(1). Thus, Baldeo response to these interrogatories is no response at all. Fed. R. Civ. P. 37(a)(4)

Focuspoint's motion to compel is, therefore, GRANTED with respect to Interrogatories No. 10 through 13.

**V.     Extension**

Focuspoint seeks a 90-day extension to the discovery and dispositive motions deadlines in light of Baldeo's lack of cooperation with discovery and the current discovery dispute. ECF Doc. 74; ECF Doc. 74-1.

Focuspoint's motion (ECF Doc. 74) is GRANTED. The new deadlines are as follows:

(i) Fact discovery: November 24, 2022

(ii) Expert disclosures by the party with the burden: November 24, 2022

(iii) Rebuttal expert reports: December 26, 2022

(iv) Expert depositions: January 24, 2023

(v) Dispositive motions: February 27, 2023

VI. **Summary**

Focuspoint's motion to compel (ECF Doc. 68) is DENIED in part and GRANTED in part.

Focuspoint's motion is GRANTED as to its request deem Requests for Admission No. 1–7, 10, and 11.

Focuspoint's motion is GRANTED as to its request to compel Baldeo to supplement her discovery responses to Interrogatories No. 3, 6, 9, 12, and 13 and Requests for Production 1–9, 10–13, 15, and 16.

Focuspoint's motion is DENIED as to its request to compel Baldeo to supplement her discovery responses to Requests for Admission No. 8, 9, 12, and 13 and Interrogatories No. 7, 14, and 17.

Focuspoint's motion to extend the discovery and dispositive motion deadlines (ECF Doc. 74) is GRANTED.

**IT IS SO ORDERED.**

Dated: September 14, 2022

Thomas M. Parker
United States Magistrate Judge

16