IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FOCUSPOINT INTERNATIONAL, INC., | ) | Case No. 1:20-cv-2019 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SARAH BALDEO, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

Defendant Sarah Baldeo, pro se, moves to dismiss this action for lack personal jurisdiction. But because Baldeo has failed to abide by the case management order's requirement that she confer with plaintiff Focuspoint International, Inc. ("Focuspoint") before filing a motion to dismiss, her motion (ECF Doc. 73) is STRICKEN.

I.      Factual Background[1]

Focuspoint is an Ohio-based company that provides pandemic business continuity services, including personal protective equipment ("PPE") procurement services. ECF Doc. 17 at 2. As relevant to the allegations against her, Baldeo was the director of sales for ISB Canada, a Canadian company that did business in PPE procurement. ECF Doc. 17 at 2–3, 6.

In May 2020, Focuspoint contracted with Akata Global LLC ("Akata"), as purchasing agent, to broker the acquisition of N95 masks for the State of Maryland. ECF Doc. 17 at 2–3, 5–

---

[1] A brief recitation of the facts alleged in Focuspoint's amended complaint (ECF Doc. 17) is provided for context.

6. According to the pleadings, two people managed the PPE acquisition on Focuspoint's behalf: (i) Robert Hawley, Focuspoint's then-president of medical services; and (ii) Baldeo, who was brought on at Focuspoint's request because she had a business relationship with Craig Baptiste (one of Akata's principals). ECF Doc. 17 at 2–3, 6–7; ECF Doc. 42-1. But instead of working solely for the benefit of Focuspoint, Baldeo executed a consulting agreement between Akata and her consulting firm, IDQ Consultants, to obtain a secret multimillion dollar commission. ECF Doc. 17 at 9. Baldeo's consulting fees, however, caused issues with Akata's executives and Maryland officials and led to protracted fee negotiations. ECF Doc. 17 at 11–12. Because of the delays, the PPE acquisition failed. ECF Doc. 17 at 13–14.

## II.     Relevant Background

On August 14, 2020, Focuspoint filed a complaint in the Cuyahoga County Court of Common pleas against Baldeo on claims breach of fiduciary duty and tortious interference with economic advantage. ECF Doc. 1-3. After a now-dismissed codefendant removed the case to this court, Baldeo, through counsel, filed a motion to dismiss (i) for lack of personal jurisdiction and (ii) under the forum-selection clause of her employment agreement with ISB Canada. ECF Doc. 5.

On April 28, 2021, the court granted Focuspoint leave to file an amended complaint and denied as moot Baldeo's motion to dismiss. ECF Doc. 15. On May 7, 2021, Focuspoint filed its amended complaint, seeking to assert personal jurisdiction over Baldeo pursuant to subsections (A)(1), (3), and (4) of Ohio's Long-Arm Statue, Ohio Rev. Code § 2307.382. ECF Doc. 17. On June 7, 2021, Baldeo filed, pro se, an answer to Focuspoint's amended complaint. ECF Doc. 21; *see also* Docket Entry dated 5/10/2021 (granting counsel leave to withdraw).

2

On September 10, 2021, the court issued a case management order. ECF Doc. 37. Among the order's provisions was a requirement that:

> Before a defendant may file a motion to dismiss, it must submit a written request to be dismissed to opposing counsel. Opposing counsel shall either agree to the request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the defendant shall reassess its position and may file a motion to dismiss if the party believes it is still entitled to dismissal. The motion to dismiss must be by a statement certifying that this exchange has occurred.

ECF Doc. 37 at 5.

On September 30, 2021, Focuspoint served Baldeo with its first set of discovery requests. ECF Doc. 51-2; ECF Doc. 65-1 at 2. On October 22, 2021, Baldeo filed a second motion to dismiss, which was identical to her first counseled motion. ECF Doc. 38. On November 22, 2021, Focuspoint filed an opposition. ECF Doc. 42.

On March 8, 2022, the undersigned issued a report and recommendation ("R&R"), recommending that Baldeo's motion be denied because: (i) the allegations in Focuspoint's amended complaint sufficed to establish personal jurisdiction under subsection (A)(1) of Ohio's Long-Arm Statute; (ii) the exercise of personal jurisdiction over Baldeo would not violate due process; and (iii) none of the allegations against Baldeo arose from her employment relationship with ISB Canada. ECF Doc. 57. On March 29, 2022, Baldeo filed objections to the R&R, which repeated her arguments for why the court lacked personal jurisdiction. ECF Doc. 61. And on April 25, 2022, the Court overruled Baldeo's objections, adopted the R&R, and denied her motion to dismiss. ECF Doc. 63.

Meanwhile, Baldeo refused to participate in discovery because of her position that the court lacked personal jurisdiction over her. ECF Doc. 47-1. But after the court denied the motion to dismiss, it established a new deadline by which Baldeo was required to comply with

3

her discovery obligations: May 26, 2022. ECF Doc. 59; ECF Doc. 64. And on May 26, 2022, Baldeo furnished Focuspoint with her discovery responses. ECF Doc. 65-1 at 3.

On June 30, 2022, Focuspoint filed a notice of discovery dispute because of the quality of Baldeo's responses. ECF Doc. 65. On July 19, 2022, Focuspoint filed a motion to compel. ECF Doc. 68. And after attempts at informal resolution of the dispute failed, the court issued a briefing schedule, pursuant to which Baldeo's opposition brief was due on August 22, 2022. ECF Doc. 71.

On August 22, 2022, Baldeo filed instead a third motion to dismiss. ECF Doc. 73. On September 6, 2022, Focuspoint filed an opposition, asserting in relevant part that Baldeo failed to abide by the conferral requirement. ECF Doc. 76.

**III.    Analysis**

Baldeo's motion to dismiss does not contain a certification that she complied with the court's conferral requirement. *See generally* ECF Doc. 73; ECF Doc. 73-1. Because Baldeo did not submit a request to Focuspoint that it dismiss its case before filing her current motion, her motion to dismiss does not comply with the court's procedural requirements and must, therefore, be STRICKEN. Fed. R. Civ. P. 16(f); ECF Doc. 37 at 5.

The court notes that Baldeo's third motion to dismiss rehashes several arguments that were previously considered and rejected by the court on the merits. Baldeo maintains that Ohio's Long-Arm Statute has not been satisfied because: (i) she has no contacts with Ohio and has not transacted business in Ohio; (ii) none of the allegations in the complaint concerns actions which took place in or were directed towards Ohio; (iii) and Focuspoint has not produced evidence proving the existence of an agency relationship. ECF Doc. 73-1 at 3, 6; *cf.* ECF Doc. 5 at 4–5, 6; ECF Doc. 38 at 4–7; ECF Doc. 61 at 1–2. And she reiterates that Focuspoint's claims

can only be adjudicated, if at all, in Ontario, pursuant to her employment agreement with ISB Canada. ECF Doc. 73-1 at 2; *cf.* ECF Doc. 5 at 7–10; ECF Doc. 38 at 10–11; ECF Doc. 61 at 3. These arguments have been considered and rejected, both in the R&R and in the Court's order overruling Baldeo's objections. ECF Doc. 57 at 9–10, 12–14; ECF Doc. 63 at 3, 8–9. The only new argument presented by Baldeo is that Focuspoint has admitted that there exists no formal contract between them. ECF Doc. 73 at 1–3.

Baldeo is cautioned that to the extent she filed her third motion to dismiss as an attempt to have the court reconsider its prior ruling, "reconsideration motions cannot be used as an opportunity to re-argue a case." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). When a "defendant views the law in a light contrary to that of this Court [her] proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *McConocha v. Blue Cross & Blue Shield Mut.*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (internal quotation marks omitted). If Baldeo persists in rehashing previous arguments, she could be subject to monetary sanctions. *See United States v. Cochran*, 833 F. App'x 5, 9 (7th Cir. 2020); *Colquitt v. United States*, No. 17-3445, 2017 U.S. App. LEXIS 22948, at *1–2 (6th Cir. June 30, 2017) (unreported); *see also Tyson v. Sterling Rental, Inc.*, No. 13-cv-13490, 2017 U.S. Dist. LEXIS 143538, at *2 (E.D. Mich. Sept. 6, 2017); *DirectTV, Inc. v. Kruse*, No. 3:03CV7407, 2004 U.S. Dist. LEXIS 12050, at *2 (N.D. Ohio Jul. 1, 2004).

As for Baldeo's new argument, Baldeo is advised that a contract is not necessary for the existence of an agency relationship or for fiduciary obligations to attach. *Doctors Hosp. v. Hazelbaker*, 665 N.E.2d 1175, 1178–79 (Ohio Ct. App. 1995). "A fiduciary relationship may be created out of an informal relationship … when both parties understand that a special trust or confidence has been reposed." *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 286 (Ohio

5

1979). And "agency may be implied from the words and conduct of the parties and the particular circumstances of the particular case." *Chevrolet v. Calhoun*, 2004-Ohio-1006, ¶11 (Ohio Ct. App. 2004); *see also Master Consol. Corp. v. Bancochio Nat'l Bank*, 61 Ohio St.3d 570, 574 576-77 (Ohio 1991).

Lastly, if Baldeo's intent was to test Focuspoint's evidence against her, the matter would be premature. Although this case has been pending since August 2020, discovery has not advanced beyond its preliminary stages because of litigation over the court's personal jurisdiction over Baldeo and Baldeo's refusal to participate in discovery. What little discovery Baldeo has furnished to Focuspoint is the subject of a motion to compel. And, as reflected in the contemporaneously issued order, Baldeo has outstanding discovery obligations. *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("[S]ummary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.").

For now, the court ORDERS that Baldeo's motion to dismiss (ECF Doc. 73) be STRICKEN.

**IT IS SO ORDERED.**

Dated: September 14, 2022

Thomas M. Parker
United States Magistrate Judge

6