IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FOCUSPOINT INTERNATIONAL INC., | ) | Case No. 1:20-cv-2019 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SARAH BALDEO, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

Defendant Sarah Baldeo, pro se, has moved, under "Rule 56(g)" for summary judgment against plaintiff Focuspoint International Inc. ("Focuspoint"). Baldeo argues that "Rule 56(g)" applies because Focuspoint submitted an affidavit falsely asserting that she acted as Focuspoint's agent in negotiating the personal protective equipment ("PPE") acquisition with the State of Maryland. ECF Doc. 87 at 2. She argues that Focuspoint has otherwise failed to respond to her discovery requests with proof that she acted on Focuspoint's behalf or that there was no "sister/affiliate company" between her employer (ISB Canada) and Focuspoint. *Id.* at 2–3. Thus, she argues that Focuspoint has engaged in "bad faith" and that summary judgment is warranted as a sanction. *See id.*

Focuspoint responds that Rule 56's sanctions provision is inapplicable to the affidavit in question, as it was filed in opposition to a Rule 12(b) motion to dismiss. ECF Doc. 91 at 7–8. Focuspoint further argues that there are, and has attached, emails in which Baldeo represented herself as acting as Focuspoint's representative in connection with the PPE acquisition. ECF

Doc. 91 at 3–5, 7–8; ECF Doc. 91-1; ECF Doc. 91-2; ECF Doc. 91-3. And Focuspoint argues that Baldeo, as the movant, has failed to support her Rule 56 motion with evidence or citations to evidence in the record to establish that no genuine issue of fact exists.

Rule 56 is the Federal Rule of Civil Procedure which governs summary judgment, the procedural mechanism by which a party may seek and obtain a decision on the merits of the case without going to trial. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The burden is on the party asserting that no facts are in dispute to support that contention with citations to supporting evidence in the record or show that the adverse party cannot produce evidence to support the fact. Fed. R. Civ. P. 56(c)(1).

Rule 56 also authorizes the court to impose sanctions against a party who, whether for or against summary judgment, submits an affidavit or declaration "in bad faith or solely for delay." Fed. R. Civ. P. 56(h). "Bad faith" includes situations "where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Sutton v. U.S. Small. Bus. Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003) (internal quotation marks omitted).

Although Baldeo cites "Rule 56(g)," paragraph (g) does not apply to sanctions. Fed. R. Civ. P. 56(g); ECF Doc. 87. Baldeo appears to have cited an older iteration of the rule. *See* Fed. R. Civ. P. 56 (2009); *see also* Fed. R. Civ. P. 56 advisory committee's notes (2010 amendments). Because it is clear that Baldeo seeks sanctions under Rule 56, the court construes her motion as proceeding under Rule 56(h). However, Rule 56(h) would not apply to the affidavit in question – the declaration of Greg Pearson – because Rule 56(h) only applies to affidavits or declarations submitted under Rule 56 to support or defeat a motion for summary judgment. Fed. R. Civ. P.

2

56(h). Focuspoint did not submit Pearson's declaration to oppose a motion for summary judgment; rather, it was submitted to oppose a motion to dismiss. *See Mac's Eggs, Inc. v. Rite-Agri Distribs., Inc.*, 656 F. Supp. 720, 731 (N.D. Ind. 1986) (holding that Rule 56(h) did not apply to an affidavit submitted in conjunction with a motion to dismiss filed under Fed. R. Civ. P. 12(b)(2)); ECF Doc. 9-1; ECF Doc. 42-1.

Nevertheless, we could construe Baldeo's request for sanctions as proceeding under a different procedural mechanism. For example, Baldeo's request for sanctions could proceed under Rule 11. *See* Fed. R. Civ. P. 11(c)(1) (authorizing sanctions if, among other things, a pleading or paper was presented for an improper purpose, or the factual contentions lack evidentiary support). But a Rule 11 motion based on the lack of evidence with which to substantiate the merits of Focuspoint's allegations would be premature. Such an inquiry is more appropriately left until after dispositive motions have been filed or "until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999).

Baldeo could also have sought the entry of judgment as a discovery sanction under Rule 37 for failure to abide by an order of the court. *See* Fed. R. Civ. P. 37(b)(2) (authorizing sanctions, including entry of judgment, for failure to abide by a court's discovery order). However, Focuspoint has not failed to abide by a discovery order of the court. Baldeo's allegations concern Focuspoint's failure to respond to her discovery requests with proof to substantiate Pearson's statements. The court ordered Focuspoint to respond to Baldeo's discovery requests not later than March 1, 2023. ECF Doc. 86. According to the parties' most recent status report, Focuspoint abided by that deadline. ECF Doc. 92.

Last, Baldeo's motion could have sought summary judgment based on the lack of a genuine dispute of fact as to whether she acted as Focuspoint's agent or that Focuspoint was an affiliated company of ISB Canada. However, a motion for summary judgment would be premature in light of the ongoing discovery dispute over the quality of both parties' discovery production. *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("[S]ummary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery."). Moreover, the emails Focuspoint has submitted to oppose Baldeo's motion suffice to establish a genuine dispute as to whether Baldeo conducted herself as Focuspoint's agent during the PPE acquisition. *See* ECF Doc. 92-1 at 2 (email in which Baldeo identified herself as acting on behalf of Going Home Medical); ECF Doc. 92-2 at 3 (email in which Baldeo stated that Focuspoint was doing business as Going Home Medical); ECF Doc. 92-3 at 3 (email in which Baldeo stated that she acted as Focuspoint's representative). And as Focuspoint's chief executive officer, Pearson's sworn statement that his company engaged Baldeo to act on their behalf to negotiate the PPE acquisition and that there was no relationship between ISB Canada and Focuspoint was sufficient evidence to create a genuine dispute of fact as to both issues. ECF Doc. 42-1 at 2–3.

Baldeo is reminded that a written contract is not necessary for the existence of an agency relationship or for fiduciary obligations to attach. *Doctors Hosp. v. Hazelbaker*, 665 N.E.2d 1175, 1178–79 (Ohio Ct. App. 1995). "A fiduciary relationship may be created out of an informal relationship … when both parties understand that a special trust or confidence has been reposed." *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 286 (Ohio 1979). And "agency may be implied from the words and conduct of the parties and the particular circumstances of the

4

particular case." *Chevrolet v. Calhoun*, 2004-Ohio-1006, ¶11 (Ohio Ct. App. 2004); *see also Master Consol. Corp. v. Bancochio Nat'l Bank*, 61 Ohio St.3d 570, 574 576-77 (Ohio 1991).

For now, the court ORDERS that Baldeo's motion for summary judgment (ECF Doc. 87) be DENIED as procedurally groundless and/or premature.

**IT IS SO ORDERED.**

Dated: April 3, 2023

                                            Thomas M. Parker
                                            United States Magistrate Judge